NATHANIEL W. HOOKER, RESPONDENT, *v.* WILLIAM R. MARTIN AND OTHERS, APPELLANTS.

*Foreclosure — judgment in action for — taking of portion of mortgaged property by city for public use — effect of — right of plaintiff (mortgagee) to the award.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury. These actions were brought in the usual form for foreclosure of two purchase-money mortgages, made by the defendant William R. Martin to the plaintiff, upon land in the city of New York. The appellants (Martin, mortgagor, and Arbona, his grantee) answer, setting up the taking of a part of the property described in the mortgage and in the complaint for public use, by which such portion became vested in the mayor, aldermen and commonalty of the city of New York, and aver that the plaintiff, by reason thereof, cannot maintain his action, and that in any event the city should be made a party to the action. An award was made in plaintiff's name for the land taken, and an assessment laid upon the residue of the land for benefit, in excess of the award. The judgment establishes that plaintiff is entitled to collect the award for the portion of the mortgaged property taken for public use, and orders sale of the remainder for the payment of the amount due plaintiff, after crediting defendants with the amount of the award.

The court at General Term said: "The proceedings of the city in taking a portion of the mortgaged lands for public use did not displace or otherwise affect the lien upon the residue of the mortgaged premises. So much of the land as was taken by the city was discharged of the lien of the mortgage, and it was not necessary to make the city a party because of its subsequently acquired title thereto, for the reason that the city could not be barred or affected by the foreclosure. The court below awarded judgment in favor of plaintiffs in respect to the moneys awarded for damages in taking the lands by the city, and directed foreclosure and sale for the balance only. This was an equitable disposition of the rights of the parties to the action, and it was not necessary to bring in the city as a party for the purpose of making that disposition. The Code only

requires other parties to be brought in, in cases where the rights of the parties already before the court cannot be disposed of without the presence of such absent person or parties. That is not the present case."

*Jas. B. Kissick*, for the appellants. *Townsend Wandell*, for the respondent.

Opinion by DAVIS, P. J.; BRADY and DANIELS, JJ., concurred.

Judgment affirmed.